UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PAUL STALEY, MICHAEL LIBURD and HECTOR FIGUEROA

                            Plaintiffs,

            -against-

CITY OF NEW YORK; Police Officer MOBEEN YASIN (Shield No. 29275); Police Officer VINCENT LINDNER (Shield No. 27944) and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14-CV-5289 (MKB)(JO)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6. Plaintiffs Paul Staley ("STALEY"), Michael Liburd ("LIBURD"), and Hector Figueroa ("FIGUEROA") are residents of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Mobeen Yasin, Shield No. 29275 ("Yasin"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Yasin is sued in his individual and official capacities.

9. Defendant Police Officer Vincent Lindner, Shield No. 27944 ("Lindner"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lindner is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiffs does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 1:50 a.m. on March 22, 2014, FIGUEROA was lawfully standing near STALEY's parked automobile in the vicinity of 1839 West 33rd Street, Brooklyn, NY. STALEY, had gone upstairs to pick up his son.

14. Defendants, including YASIN and LINDNER, approached FIGUEROA with their guns drawn.

15. Defendant officers began searching FIGUEROA. Frustrated by their failure to find contraband, as well as FIGUEROA's voiced displeasure, defendants pulled FIGUEROAS pants and underwear to his knees.

16. This public strip search was witnessed by numerous individuals

17. STALEY, having received a call concerning the defendants' conduct, returned to his car.

18. STALEY saw the defendants searching FIGUEROA. STALEY told the defendants that he was the owner of the car.

19. The defendants ordered STALEY to open his trunk and STALEY complied. There was no contraband in STALEY's car.

20. STALEY verbally objected to the defendants' intrusion.

21. In response to STALEY's complaints, he was thrown to the ground and struck repeatedly about the head and body.

22. LIBURD, a friend, saw the commotion and asked what was going on.

23. Defendants sprayed mace in LIBURD face.

24. Notwithstanding, and despite the fact that they lacked probable cause to believe that plaintiffs had committed any crime, defendants placed plaintiffs STALEY and FIGUEROA under arrest.

25. Plaintiffs were eventually taken to the police precinct.

26. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs committing various crimes.

27. At no point did the officers observe plaintiffs commit any crime.

28. At the precinct, plaintiffs Staley and Figueroa were strip-searched.

29. FIGUEROA received a Desk Appearance Ticket. Ultimately, all charges against each of him were dismissed.

30. STALEY was transported to Brooklyn Central Booking.

31. After approximately twenty-fours hours in custody, STALEY was

released.

32. Ultimately, all criminal charges against STALEY were dismissed.

33. Both STALEY and LIBURD went to Coney Island for their injuries

34. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs were deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## **FIRST CLAIM**
### **Unlawful Stop and Search**

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## **SECOND CLAIM**
### **False Arrest**

38. Plaintiffs STALEY and FIGUEROA repeat and reallege each and every allegation as if fully set forth herein.

39. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

40. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Malicious Prosecution

41. STALEY repeats and realleges each and every allegation as if fully set forth herein.

42. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiffs under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of his constitutional rights. The prosecution by defendants of plaintiffs constituted malicious prosecution in that there was no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

44. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FOURTH CLAIM

**Failure To Intervene**

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

47. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

48. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## **FIFTH CLAIM**
**Unlawful Strip Search**

49. Plaintiffs STALEY and FIGUEROA repeat and reallege each and every allegation as if fully set forth herein.

50. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   February 20, 2015
         New York, New York

                                        /ss/
                                Robert Marinelli
                                305 Broadway, 9th Floor
                                New York, New York 10007
                                (212) 822-1427

                                *Attorney for plaintiffs*